## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into by and between **Adalys Fusco ("Fusco")** and **Sage Dental Management, LLC ("Sage Dental").** Fusco and Sage Dental shall be referred to together as the "Parties" and individually as a "Party".

WHEREAS, Fusco filed two lawsuits against Sage Dental arising out of her 2017 employment with Sage Dental: a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") pending in the Southern District of Florida (Case No. 19-63060-CIV-UNGARO) (the "Federal Case") and a claim of age discrimination under the Florida Civil Rights Act ("FCRA") filed in Broward County state court (Case No. 2019-CA-017531) (the "State Case"). Collectively, the Federal Case and State Case shall be referred to as the "Litigation."

WHEREAS, Sage Dental has denied and does deny each and every claim and allegation asserted by Fusco and by entering into this Agreement makes no admission of wrongdoing or liability;

WHEREAS, through execution of this Agreement, the Parties desire to settle the Litigation and any and all controversies among and between them and to effect a full release of claims; and

WHEREAS, the Parties have carefully read and fully understand all of the provisions and effects of this Agreement and sign it voluntarily with full understanding of its significance and intending to be legally bound by it.

NOW, THEREFORE, the Parties intending to be legally bound and for good and sufficient consideration, agree as follows:

1. **Incorporation of Recitals**. The foregoing recitals are true and correct and incorporated herein.

2. **Settlement Payments**. Sage Dental will pay Fusco a total of Thirty Thousand Dollars ($30,000.00) ("Settlement Payment") within twenty (20) calendar days of the Effective Date of this Agreement, provided Sage Dental has received an executed IRS Form w-4 by Fusco and executed IRS Forms w-9 from the Law Firm (as defined in this Section). The Settlement Payments shall be paid as follows:

    (a) The first check, in the amount of Two Thousand and Five Hundred Dollars ($2,500.00), will be issued to Fusco for alleged damages other than back wages. Fusco will receive an IRS Form 1099 in connection with this payment.

    (b) The second check, in the amount of Two Thousand and Five Hundred Dollars ($2,500.00) will be issued to Fusco, which will include Fusco's alleged wage damages. This payment will be subject to applicable withholdings and Fusco will receive an IRS Form W-2 in connection with this payment.

(c) The third check, in the amount of Twenty-Five Thousand Dollars ($25,000.00), will be issued to Richard Celler Legal P.A. (the "Law Firm"). Sage Dental will issue the Law Firm IRS Form 1099 in connection with this payment.

(d) All checks issued for the Settlement Payment shall be delivered to the Law Firm located at the following address: 10368 W. SR. 84, Suite 103, Davie, Florida 33324.

This Agreement fully resolves all Claims asserted in the Litigation. Fusco represents that she has had a reasonable opportunity to receive and has received independent legal advice regarding her tax obligations and has not relied on any representations by Sage Dental or its counsel on that subject. Fusco agrees to indemnify Sage Dental for any tax liability to Fusco resulting from work she performed for Sage Dental and for any tax liability or consequences that result from the above-referenced payments.

**3. Additional Settlement Benefits**. In addition to the Settlement Payments, Sage Dental will pay Fusco's portion of Marlene Quintana's fee incurred as a result of the May 26, 2020 mediation that resulted in this Agreement.

**4. General Releases**.

(a) <u>By Fusco</u>. Except for the obligations provided herein, Fusco, on behalf of herself and her heirs and personal representatives, hereby releases and forever discharges Sage Dental and its direct and indirect subsidiaries, divisions, parents, affiliates, companies under common control of any of the foregoing, predecessors, successors, and assigns, and its and their past, present and future shareholders, partners, principals, managers, directors, officers, employees, agents, attorneys, insurers, employee benefit plans, trustees and all others acting in concert with them, (collectively, the "Released Parties"), from any and all claims, actions, suits, proceedings, complaints, causes of action, grievances, debts, costs and expenses (including attorney's fees), at law or in equity, known or unknown, that Fusco has or may have arising out of, based on, or relating in any way to any acts or omissions that occurred, in whole or in part, prior to the time that Fusco signs this Agreement, including, but not limited to, claims for breach of any express or implied contract, wrongful termination, unpaid wages, retaliation, defamation of character, personal injury, intentional or negligent infliction of emotional distress, discrimination or harassment based on race, religion, sex, age, color, handicap and/or disability, national origin or any other protected class and any other claim based on or related to the Litigation, Fusco's employment with Sage Dental, any work Fusco performed for Sage Dental and Fusco's resignation from employment with Sage Dental, including, but not limited to, claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Equal Pay Act, the Employee Retirement Income Security Act, the FLSA, the Family Medical Leave Act, the Age Discrimination in Employment Act of 1967, the Occupational Safety and Health Act, the FCRA, all as amended, and/or any other federal, state or local law (statutory, regulatory or otherwise) that may be legally waived and released.

(b) <u>By Sage Dental</u>. Except for the obligations provided herein, Sage Dental, hereby releases and forever discharges Fusco from any and all claims, actions, suits, proceedings, complaints, causes of action, grievances, debts, costs and expenses (including attorney's fees), at law or in equity, known or unknown, that  they now or may have  arising out of, based on, or

relating in any way to any acts or omissions that occurred, in whole or in part, prior to the time that Sage Dental signs this Agreement, including, but not limited to, claims in connection with Fusco's employment with Sage Dental or any work Fusco performed for Sage Dental, including, but not limited to, claims for breach of any express or implied contract, defamation of character, and/or any claims, demands, or causes of action under any federal, state, or local law (statutory, regulatory, or otherwise) that may be legally waived and released.

   (c) Notwithstanding anything in this Agreement to the contrary, the releases set forth in Sections 4(a) and 4(b) do not and are not intended to release any claims that cannot be released by law, including but not limited to any rights she may have to benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes.

   (d) Notwithstanding anything in this Agreement to the contrary, the releases set forth in Sections 4(a) and 4(b) do not and is not intended to prevent, restrict or otherwise interfere with the Parties' rights to (i) testify, assist, participate in, or cooperate with the investigation of any charge or complaint pending before or being investigated by such agency or court, or (ii) enforce this Agreement.

   (e) If an administrative agency or court assumes jurisdiction over any charge or complaint involving claims that are released in or resolved by this Agreement, Fusco hereby agrees to not, directly or indirectly, accept, recover or receive any resulting monetary damages or other equitable relief that otherwise would be due and Fusco hereby expressly waives any rights to any such recovery or relief.

   **5.** **Dismissal, Approval and Effective Date**.  Within ten (10) calendar days of the Court's approval of the Federal Case, Fusco shall file a stipulation of dismissal in the State Case, and within five (5) calendar days hereof in the Federal Case, a motion shall be filed seeking (i) court approval of her release of FLSA claims and (ii) for the dismissal of all claims with prejudice. The Parties agree that the approval of her FLSA claims, along with a dismissal of claims with prejudice in the Litigation, are necessary conditions precedent to any and all settlement payments and benefits described herein.  In the event that approval is not obtained, this Agreement shall become null and void, and nothing in this Agreement shall be deemed to waive Sage Dental's defenses to liability or damages.  Moreover, the statements made herein may not be used for any purposes, either for or against any of the Parties.  This Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408 of the Federal Rules of Evidence and related state law rules and/or privileges.  Accordingly, the "Effective Date" means the day after approval is granted and each of the respective courts have dismissed the complaints in the Litigation with prejudice.

   **6.** **Representations**.  By signing below, Fusco represents and agrees that the following are true and correct:

   (a) The Parties agree that, except for the consideration specified herein, no other monies or benefits will be due, become due or be paid to Fusco in connection with the settlement of the Litigation;

(b) Fusco is not suffering from any work-related injuries arising from any work she performed for Sage Dental; and

(c) Fusco has notified Sage Dental of any charge or complaint she filed with any agency or court that is still pending before such agency or court.

Fusco understands and agrees that Sage Dental materially relied on these Representations in entering into this Agreement.

7. **Consult With an Attorney**. Each Party is advised to and did consult with an attorney of their choosing before signing this Agreement. Each Party will rely on the signature of any other party as a representation that the signing party read this Agreement carefully before signing it and has a full and complete understanding of its terms.

8. **No Admissions**. Neither the execution of this Agreement nor the performance of its terms and conditions shall be construed or considered by any party or by any other person as an admission of liability or wrongdoing by either Party.

9. **Entire Agreement**. This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof, and no representation, promise, or agreement, oral or written, relating hereto that is not contained herein shall be of any force or effect.

10. **Applicable Law, Jurisdiction and Venue**.

(a) This Agreement shall be shall be governed by and construed in accordance with the laws of the State of Florida without giving effect to the principles of conflicts of law.

(b) Fusco consents to the exclusive jurisdiction of any state or federal court of competent jurisdiction located within Broward County, Florida, and Fusco irrevocably agrees that all actions or proceedings relating to this Agreement may be litigated in such courts. Fusco irrevocably waives her right to object to or challenge the above selected forum on the basis of inconvenience or unfairness under 28 U.S.C. § 1404 or similar state or federal statutes.

11. **No Application and No Employment**. Fusco agrees that she resigned from her employment with Sage Dental and agrees that she will not seek or accept employment with or to otherwise perform work for Sage Dental or any of its affiliates. The Parties expressly agree and affirm that Section 11 is a negotiated provision of this Agreement and is not retaliation or evidence of retaliation under any applicable legal standard in any jurisdiction.

12. **Confidentiality**.

(a) Except as may be required to obtain court approval, Fusco will keep this Agreement and its terms confidential and will not disclose such information to anyone other than Fusco's counsel, tax advisors, immediate family (collectively, "Confidants"), each of whom must, as a condition to the disclosure, agree to keep the information confidential. Fusco shall be responsible for any breach of this obligation by the persons to whom she discloses the terms of this Agreement.

(b)     Fusco covenants and agrees that the negotiations leading to this Agreement, and actions by the parties in accordance with it, are strictly confidential, have not been disclosed and shall not be disclosed directly or indirectly to any person not a party hereto except for Fusco's Confidants, or as required by law and except as may be required to obtain court approval.  Fusco will instruct her Confidants to maintain the confidentiality of this Agreement, just as she must.  If asked about this Agreement, she agrees that they she will state only that "THE CLAIMS AGAINST SAGE DENTAL HAVE BEEN VOLUNTARILY DISMISSED."  Fusco agrees that any disclosure of information about her dispute with Sage Dental (including the existence of this Agreement, the terms and conditions of this Agreement and the negotiations leading up to the formation of this Agreement) in a manner contrary to the terms of this section by them would cause Sage Dental injury and damage in an amount impossible to determine and agrees that Sage shall be entitled to recover from her the total sums paid herein.  If Sage commences any proceeding to protect its rights with respect to alleged violations of this paragraph by Fusco and prevails, Sage Dental shall recover from Fusco all of its reasonable attorneys' fees and costs incurred in connection with such proceeding.  Fusco agrees this provision is reasonable under the circumstances as of the time she executes this Agreement.

(c)     Notwithstanding the foregoing, this Agreement does not prohibit Fusco from (i) providing truthful testimony in response to compulsory legal process, (ii) participating or assisting in any investigation or inquiry by a governmental agency acting within the scope of its statutory or regulatory jurisdiction, or (iii) making truthful statements in connection with any claim permitted to be brought by Fusco under Sections 4(c) or (d).

13.     **Non-Disparagement**.  Fusco will not make any intentionally disparaging statements to any third parties regarding Sage Dental, its services, or any of its employees, officers, or owners. Fusco acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including Fusco's family members and personal contacts, social media such as Facebook, LinkedIn, Twitter, etc., news media, Sage Dental's competitors in any arena, strategic partners, vendors, and past, present, and prospective employees. Notwithstanding the foregoing, this Agreement does not prohibit Fusco from (a) providing truthful testimony in response to compulsory legal process, (b) participating or assisting in any investigation or inquiry by a governmental agency acting within the scope of its statutory or regulatory jurisdiction, or (c) making truthful statements in connection with any claim permitted to be brought by Fusco under Sections 4(c) or (d).  Fusco agrees to direct all reference requests to Laura Beighley, Human Resource Director.  In response to any such reference request, Ms. Beighley will confirm only Fusco's dates of employment and the position Fusco held during her 2017 employment with Sage Dental. No comment(s) shall be made, expressly or impliedly, regarding Fusco's eligibility for rehire and/or termination.

14.     **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which will be considered an original instrument and all of which together will be considered one and the same agreement and will become effective when all executed counterparts have been delivered to the respective parties.  Delivery of executed pages by facsimile transmission or e-mail will constitute effective and binding execution and delivery of this Agreement.

5

15. **Assignment**.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns, and any such successors and assigns shall be considered third-party beneficiaries of this Agreement.

16. **Acknowledgements**.  Each Party hereby acknowledges that it (a) has read this Agreement and understands all of its provisions; and (b) enters into this Agreement voluntarily and with the advice of counsel.

17. **Severability**.  If any term, provision or paragraph of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable for any reason, such determination shall be limited to the narrowest possible scope in order to preserve the enforceability of the remaining portions of the term, provision or paragraph, and such determination shall not affect the remaining terms, provisions or paragraphs of this Agreement, which shall continue to be given full force and effect.

18. **Further Assurances**.  The Parties each agree to execute and deliver, after the date hereof, without additional consideration, any additional documents, and to take any further actions, as may be necessary to fulfill the intent of this Agreement and the transactions contemplated hereby.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date(s) set forth below.

SAGE DENTAL MANAGEMENT, LLC

By _____

Name   Thomas Marler

Title   President & CEO

Date   6/30/2020

_____
adalys fusco (Jun 29, 2020 13:35 EDT)

**Adalys Fusco**
Jun 29, 2020
Date

6